**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

KATRINA McLEMORE,

    Plaintiff,

        v.

CELLCO PARTNERSHIP d/b/a VERIZON
WIRELESS and BEN ANSTETT, an
Individual,

    Defendants.

No. 04 C 4907
Judge James B. Zagel

## MEMORANDUM OPINION AND ORDER

Katrina McLemore has filed a Complaint against her former employer, Cellco (also

known as Verizon Wireless) and her former manager Ben Anstett under Title VII of the Civil

Rights Act of 1964, 42 U.S.C. §2000(e), et seq. Anstett has moved to dismiss Counts IV and VI

of McLemore's Complaint and Cellco has moved to dismiss Counts VI and VII. McLemore

voluntarily dismissed counts III, IV and V on December 15, 2004. McLemore failed to address

Defendant Cellco's Motion to Dismiss Count VI, thereby waiving the Count to the extent that it

implicates Cellco. Therefore I will consider only Count VI as directed to Defendant Anstett and

Count VII as directed to Defendant Cellco.

McLemore was employed as a customer service representative at Cellco's Elgin Call

Center, where Anstett was her supervisor. McLemore alleges that while she was employed at the

call center, Anstett engaged in sexual harassment, subjecting her to non-consensual physical and

verbal conduct of a sexual nature. McLemore complains of "[r]epeated unwelcome personal

telephone calls and emails; [u]ninvited and unwelcome visit to Plaintiff's home; [r]epeated

unwelcome sexual comments and sexual advances; [i]nsulting and provoking comments and

threats of a sexual and abusive nature; [v]erbal assault; [p]hysical sexual assault; [f]alse

complaints regarding job performance; [c]reation of a sense of fear; [r]epeated unwelcome

requests for social dating; [and] [o]stracism in the workplace." *Pl. Comp.* at 2-3. McLemore

claims that she demanded that Anstett immediately end his harassment, and that she repeatedly

complained to other supervisors about Anstett's behavior. McLemore alleges that these

individuals ignored her complaints and failed to take corrective measures to end the harassment.

She also alleges that after she complained of the harassment, supervisors created false negative

performance evaluations, accused her of violating company policy, and terminated her

employment. The remaining claims of McLemore's federal complaint include sexual harassment

against all Defendants; retaliation against Cellco; battery against Anstett; and negligent retention

and hiring against Cellco.

### *Count VI: Battery*

Anstett seeks to dismiss McLemore's count of battery, arguing that the claim is

preempted by the Illinois Human Rights Act (IHRA) because the battery claim is "inextricably

linked" to an alleged civil rights violation (sexual harassment) that falls within the scope of the

statute. *Def. Mem.* at 5. For this proposition, Anstett implicitly and improperly relies on *Geise v.*

*Phoenix Co. of Chicago*, 639 N.E.2d 1273 (1994), a decision that was subsequently modified by

the Illinois Supreme Court's decision in *Maksimovic v. Tsogalis*, 687 N.E.2d 21 (1997). While

not mentioned by the Defendant, *Maksimovic* clarified the holding of *Geise* in a manner directly

implicating the issues presently before me.

Anstett argues that because McLemore's claim of battery "rests upon and incorporates the

very same allegations as those which form the basis of her sexual harassment claim," the state

statute governing her sexual harassment claim preempts her battery claim. *Def. Anstett Rep. Mem.* at 2. This is an incorrect, if not misleading, statement of law. Whether McLemore's state law battery claim is preempted by the IHRA, *i.e.*, whether it is "inextricably linked" to her claim of sexual harassment, depends on whether her tort action can exist "wholly separate and apart from a cause of action for sexual harassment under the Act." *Maksimovic,* 687 N.E.2d at 517. I have no doubt that it can.

In *Maksimovic*, the Illinois Supreme Court ruled that a plaintiff could pursue her common law tort claims of assault, battery and false imprisonment in addition to her claim of sexual harassment because she had established the necessary elements of the state law torts independent of the legal duties created by the Act. *Id*. at 514. In this case, McLemore alleges that on August 2, 2002, Anstett arrived uninvited at her home, forced his way into her apartment after she refused him entry, pushed her against a kitchen table and made unwelcome bodily contact between his hands and mouth and her legs and thighs, and that he did so wilfully. McLemore has alleged the necessary elements of battery. *See Jaslowski v. Cellco P'ship*, 2002 WL 31085092 (N.D. Ill. Sept. 17, 2002) at *4 ("[u]nder Illinois law, causing 'bodily harm' or 'making physical contact of an insulting . . . nature' constitutes battery") (citation omitted). Battery is a long-standing state law tort that clearly exists independent of the duties established by the IHRA. *Id*. (allegations of battery "rise[ ] far above the sexual advances . . . that are within the scope of the duties created under the IHRA"). *See also Westcott v. Arbuckle*, 12 Ill.App. 577 (1883). Illinois adopted common law as a preferred source of law. *Taylor v. Sprinkle,* 1 Ill. 17 (1819). The existence of the tort of battery was presumed to exist. *See Hurley v. Marsh,* 2 Ill. 329 (1837). McLemore's battery claim is not preempted by the IHRA.

Anstett would have me believe that because McLemore's claims of battery and of sexual

harassment rely on the same behavior, the tort claim cannot be sustained. That idea was firmly

rejected in *Maksimovic*, and has been rejected in subsequent decisions in this Court. *See, e.g.,*

*Jaslowski* at *2 ("whether there is preemption by the IHRA cannot be ascertained merely by a

comparison of alleged facts . . . [t]he same conduct that can 'support an IHRA claim' can also

support a tort claim that is independent of the IHRA") (citation omitted). Preemption depends

upon the existence (or lack thereof) of a cause of action independent of the duties established by

the IHRA, even when the facts alleged in both causes of actions appear to be "inextricably

linked." Because McLemore has "established a basis for imposing liability on the defendant"

through her charge of battery and "independent of any statutory cause of action under the

[IHRA]," this Court has jurisdiction to adjudicate her battery claim. *See Maksimovic*, 687

N.E.2d at 519.

### *Count VII: Negligent Hiring and Retention*

Cellco seeks to dismiss Count VII of McLemore's Complaint entitled "Negligent Hiring

and Retention." Cellco correctly argues that McLemore's claim is barred by the Illinois

Workers' Compensation Act (IWCA), 820 Ill. Comp. Stat. 305/5(a). The statute provides, in

pertinent part that:

> No common law or statutory right to recover damages from the
> employer . . . for injury or death sustained by any employee while
> engaged in the line of . . . duty as such employee, other than the
> compensation herein provided, is available to any employee who is
> covered by the provisions of the Act.

To pursue compensation beyond that allowed by the IWCA, a plaintiff must demonstrate that the

injury: "(1) was not accidental; (2) did not arise from his or her employment; (3) was not

received during the course of employment; or (4) was noncompensable under the Act." *Arnold v. Janssen Pharmaceutica, Inc.*, 215 F. Supp. 2d 951, 956 (N.D. Ill. Aug. 9, 2002) (citation omitted). Negligent acts are "accidental" for purposes of the IWCA's exclusivity provision. *Id.* at 957. *See also Walker v. Doctors Hosp. of Hyde Park*, 110 F. Supp. 2d 704, 714 (N.D. Ill. Aug. 18, 2000) ("[t]he IWCA abrogates employer liability for all common law negligence claims, including negligent retention claims.") Therefore, McLemore's claim survives only if she properly alleged intentional wrongful acts by Cellco. Cellco argues that McLemore failed to allege intentional wrongful acts; but that even if she did, her claims are barred as a matter of law.

McLemore asserts that her negligence claim actually encompasses a claim for intentional wrongdoing because she alleges that her supervisors failed to respond to her complaints of Anstett's harassment and her requests for transfer, and failed to transfer or terminate Anstett after "ample opportunity . . to observe Anstett's behavior and demeanor in the workplace." *Pl. Mem.* at 6. In light of the liberal rules governing pleadings, I will not dismiss McLemore's claim for failing to allege explicitly any intentional wrongdoing. However, I agree with Cellco that McLemore's claim fails as a matter of law.

First, McLemore has failed to allege intentional wrongdoing with respect to Cellco's hiring of Anstett. McLemore has not alleged that Anstett had any particular unfitness at the time he was hired of which his employer could have been or was aware. Rather, her claim at best alleges intentional wrongdoing regarding Cellco's failure to transfer or terminate Anstett after learning of or observing his behavior – an intentional wrongful retention claim. *Pl. Comp.* at ¶¶ 83-97. Because Illinois law does not recognize claims of intentional wrongful retention, that claim is also barred. *Arnold*, 215 F. Supp. 2d at 958 ("[t]here is . . . no such thing as intentionally

wrongful retention, training, or supervision").  Having found no legal basis for her negligent

hiring, negligent retention, intentionally wrongfully hiring or intentionally wrongful retention

claims, I must dismiss Count VII of McLemore's Complaint.

For these reasons, Defendant Anstett's Motion to Dismiss Count VI is DENIED;

Defendant Cellco's Motion to Dismiss Count VII is GRANTED.


ENTER:

*James B. Zagel*
_____

James B. Zagel
United States District Judge

DATE: January 24, 2005